PER CURIAM:
Claimant, Lloyd A. Smith, brought this action in accordance with the provisions in W.Va. Code §14-2-13a to recover damages which he incurred as the result of an unjust arrest. The Court received and filed the Agreed Stipulation of Fact and heard arguments of counsel at a hearing conducted on December 3, 1993. The Agreed Stipulation of Fact established the following:
1. The Claimant, Lloyd A. Smith, was arrested on July 3,1990, on a felony charge pursuant to Chapter 61, Article 2B, Section 4 of the West Virginia Code, as amended for second degree sexual assault.
2. The victim of the assault was unable to positively identify the claimant as her assailant.
3. The claimant passed a polygraph test supporting his defense, that he did not know the victim, and was not guilty of the offense claimed. DNA tests administered to the claimant and the victim established that the claimant was excluded as the perpetrator of the alleged crime.
4. As a result of the arrest, the claimant was incarcerated in the Kanawha County Jail for a few hours.
5. The charges against the claimant were dismissed on May 15,1992, two years after his arrest.
6. As a result of the unjust arrest, the claimant incurred attorney fees in the amount of $8,000.00.
7. Claimant suffered a $500.00 penalty for withdrawing money from his savings and higher income taxes, $128.00 for two days wages lost by his wife, $1,787.52 in lost wages and $30.00 in expenses.
8.No other person has been arrested or prosecuted and convicted for the same *95 criminal offense which was brought against this claimant.
Claimant’s action was brought in accordance with the provision of West Virginia Code §14-2-13a. This section of the Code provides for statutory relief in unjust arrest claims. The provisions of the Unjust Arrest statute are very specific as to the findings made by this Court. The Court notes that this section of the Code provides as follows:
§14-2-13a(c) In order to present the claim for unjust arrest or imprisonment, claimant must establish by documentary evidence that he has been arrested and imprisoned, or both arrested and imprisoned and charged by warrant, information or indictment for one or more felonies against the state and that subsequently another person was arrested and prosecuted and convicted for the same criminal offense or offenses and all charges against the claimant were dismissed. (Emphasis supplied.)
As stipulated by the parties, it is agreed that no other person has been arrested or prosecuted or convicted for the criminal offense for which the claimant herein was arrested. As the remedy is purely statutory in nature, the Court must apply the statute very strictly. The claimant has not been able to satisfy all of the provisions in W.Va. Code §14 — 2-13a; therefore, the Court is unable to grant an award.
In accordance with the findings of fact and conclusions of law as stated hereinabove, the Court is of the opinion to and does deny this claim.
Claim disallowed.